■ HEWLETT ASSOCIATES et al., Appellants, v CITY OF NEW YORK et al., Respondents. HEWLETT ASSOCIATES et al., Appellants, v FINANCE DIRECTOR OF THE CITY OF NEW YORK, Respondent. In the Matter of ASSOCIATED BUILDERS AND OWNERS OF GREATER NEW YORK, INC., et al., Petitioners, v FINANCE DIRECTOR OF THE CITY OF NEW YORK, Respondent. — Judgment, Supreme Court, New York County (Dontzin, J.), entered February 3, 1981, granting municipal defendants' and respondents' preanswer motions to dismiss amended complaint in Action No. 1 and amended petition in Action No. 2, and granting petitioners' amended petition to direct restoration of partial tax exemption, affirmed, without costs, for the reasons stated by Dontzin, J. We acknowledge that petitioners have argued persuasively on this appeal that the 1975 amendment to section 421 of the Real Property Tax Law, granting a

limited tax exemption for commercial, community facility and accessory use space to "any multiple dwelling granted tax exemption pursuant to this section on or subsequent to July first, nineteen hundred seventy-one" (Real Property Tax Law, § 421-a, subd 2) was intended to extend the exemption to such multiple dwellings which were constructed prior to December 31, 1974. The analysis advanced by petitioners is buttressed by the undisputed fact that it is in accord with the contemporaneous interpretation of the New York City administrative agency which sponsored the amendments, as it had sponsored the original law, and which was responsible for the administration of the law. In reaching a contrary view in *Teleon Realty Corp. v City of New York* (68 AD2d 858, affd 50 NY2d 824), which was based on the apparently literal meaning of the retroactivity section (L 1975, ch 857, § 3), this court did not have the benefit of the analysis presented on this appeal. Nor was the court then made aware of the contemporaneous administrative interpretation of the amendment. The view adopted by the court in *Teleon* had been urged by the plaintiff landlords as part of a broader argument addressed to a wholly different issue from that presented here, and had not been disputed in any way by the city. Notwithstanding our recognition of the merit in the argument presented to this court for the first time on this appeal, we are constrained to adhere to that which was determined in *Teleon* in light of the affirmance of that decision by the Court of Appeals (p 826), "for reasons stated in the memorandum at the Appellate Division". Although the issue in *Teleon* was peripheral to the main question presented in that appeal, the court's determination of the question cannot be evaluated as dictum since it contributed in part to the fixing of tax liabilities in that case. Concur — Birns, J. P., Sandler, Ross, Markewich and Bloom, JJ.